UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCE S. ELLIOTT,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN GALLEGHER, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-11-80299 MISC EMC<br><br>**ORDER RE PRE-FILING REVIEW**;<br>**GRANTING APPLICATION TO**<br>**PROCEED *IN FORMA PAUPERIS*; AND**<br>**DISMISSING COMPLAINT WITH**<br>**LEAVE TO AMEND** |

        Plaintiff Vance Elliott has previously been declared a vexatious litigant. *See Elliott v. Marsh*, No. C-04-1600 MHP (Docket Nos. 31, 36) (order to show cause and dismissing two related complaints, and order declaring him a vexatious litigant). Pursuant to the order of Judge Patel, Mr. Elliott is barred from filing any "motion, complaint, or other papers involving any claims that have been the subject of or are related to claims in [that] action" without leave of Court. C-04-1600, Docket No. 36. Currently pending before the Court is a complaint that Mr. Elliott sought to file on December 13, 2011, against two Veterans service officers, John Gallegher and John Blankenship, alleging that they have failed to secure payment of his benefits and failed to report certain misconduct of which Plaintiff informed them. *See* Docket No. 1 (complaint). Also pending is Mr. Elliott's application to proceed in forma pauperis ("IFP").

### I.    PRE-FILING REVIEW

        Having reviewed the complaint, the Court hereby finds that it is not subject to pre-filing review and **GRANTS** the filing. Although his complaint is not clear, it appears that Mr. Elliott's complaint in this action concerns veterans's services to which he alleges he is entitled and with

1  respect to which he alleges that Defendants have engaged in misconduct.  In contrast, the action in
2  which Judge Patel declared Plaintiff a vexatious litigant concerned a different defendant (John
3  Marsh) and different conduct that appears to be unrelated to veteran's benefits.  Accordingly, the
4  Clerk is instructed to file Plaintiff's complaint.

## II.   APPLICATION TO PROCEED IFP

When presented with an application to proceed *in forma pauperis*, a court must first determine if the applicant satisfies the economic eligibility requirement of 28 U.S.C. § 1915(a).  *See Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984).  Section 1915(a) does not require an applicant to demonstrate absolute destitution.  *See McCone v. Holiday Inn Convention Ctr.*, 797 F.2d 853, 854 (10th Cir. 1982) (citing *Adkins v. E.I. Du Pont de Nemours & Co., Inc*., 335 U.S. 331, 339 (1948)).

In his financial affidavit, Mr. Elliott states that he is not currently employed and has no current income besides a small veteran's affairs pension.  He has no assets and approximately $650 in monthly expenses.  Given these circumstances, the Court **GRANTS** Mr. Elliott's application to proceed *in forma pauperis*.

However, title 28 U.S.C. § 1915(e)(2) requires the Court to dismiss any case in which a litigant seeks leave to proceed in forma pauperis if the Court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2). To make this evaluation, the Court looks to Mr. Elliott's complaint.

In the instant case, Mr. Elliott fails to state a claim on which relief may be granted.  His short complaint contains only conclusory assertions which are not sufficient to state a claim for relief. *See generally Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  *See Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). While "a complaint need not contain detailed factual allegations ... it must plead 'enough facts to state a claim to relief that is plausible on its face.'"  *Id.*  For example, Plaintiff merely states, without adequate explanation, that Defendants have failed to "reach [his] payee, May, of Benefits Management Corporation and force her to provide the money [he] need[s]."  Compl. at 1.  He also states that Defendants failed to "force

the VA Field Examiner to respond to my request for a change of payee." *Id.* Plaintiff provides no further explanation of these and other conclusory allegations, such as the dates on which such conduct occurred and what Defendants specifically did or failed to do, what legal claims he is asserting against Defendants, what duties Defendants owed to Plaintiff, or any other information that would articulate a plausible basis for relief. Because the Complaint lacks specifics and does not contain sufficient and coherent factual allegations, Mr. Elliott has failed to adequately state a claim for relief. *See Twombly*, 550 U.S. at 554 ("Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'"); *Iqbal*, 129 S. Ct. at 1949 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (citing *Twombly*, 550 U.S. at 556).

In addition, the Court notes that this is not the first time Plaintiff has sued Mr. Blankenship and other defendants. *See Elliott v. Johnson*, C-04-858 JSW (asserting claims against Mr. Blankenship that appear to relate to veterans benefits, which the court dismissed for failure to prosecute); *Elliott v. Blankenship*, C-04-1424 JSW (asserting illegible claims against Mr. Blankenship which the court dismissed for failure to prosecute, and with respect to which Plaintiff appears to have filed a post-dismissal letter withdrawing his claims); *Elliott v. Johnson*, C-04-2392 WHA (asserting claims against Mr. Blankenship that appear to relate to a purported conspiracy to steal his veterans benefits, which the court dismissed for failure to state a claim). While Mr. Elliott is pro se, previous filings in other cases have informed him of the pleading standards in federal court and of the need to state a plausible claim for relief. *See, e.g.* C-04-858 JSW, Docket Nos. 12, 19; C-04-1600 MHP, Docket No. 31; C-04-2392 WHA, Docket No. 4.

Finally, to the extent his claims overlap with those asserted in C-04-2392 WHA, the doctrine of res judicata may bar Plaintiff's claims. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) ("Res judicata, or claim preclusion, prohibits lawsuits on any claims that were raised *or could have been raised* in a prior action.") (emphasis in original). Res judicata applies "whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between

parties." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (internal citations and quotation marks omitted). In this case, Plaintiff is suing the same party, Mr. Blankenship, as in the above-described actions, and the C-04-2392 WHA action reached final judgments on the merits. *See Stewart*, 297 F.3d at 957 ("[A] dismissal for failure to state a claim under Rule 12(b)(6) is a 'judgment on the merits' to which res judicata applies.") (citing *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981).[1] Thus, Plaintiff must explain in his amended complaint how his claims differ from those asserted against Mr. Blankenship in previous lawsuits.

### III.   CONCLUSION

Accordingly, the Court **GRANTS** the filing by Mr. Elliott, **GRANTS** his motion to proceed IFP, and **DISMISSES** his complaint with leave to amend. Plaintiff may file an amended complaint no later than May 1, 2012, taking into account the Court's admonitions above. If he fails to do so, the Clerk is instructed to enter judgment and close the file. Plaintiff is also warned that should he fail to provide the Court with sufficient factual allegations to determine the nature and viability of his claims against Defendants, the Court will dismiss his amended complaint with prejudice.

For Plaintiff's benefit, the Court directs his attention to the Court's Handbook for Pro Se Litigants, which is available along with further information for the parties on the Court's website located at http://www.cand.uscourts.gov./proselitigants.

IT IS SO ORDERED.

Dated: April 6, 2012

_____
EDWARD M. CHEN
United States District Judge

---

[1] The two actions Judge White dismissed for failure to prosecute were without prejudice. *Cf. Owens*, 244 F.3d at 714 (dismissal with prejudice for failure to prosecute constitutes an adjudication on the merits).

4